# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DANIEL LIECHTI, personal )
representative of SIDNEY LIECHTI, )
deceased, )
 )
        Plaintiff, )
vs. ) NO. CIV-11-0025-HE
 )
TRANSCANADA KEYSTONE )
PIPELINE GP, LLC, ET AL., )
 )
        Defendants. )

## ORDER

Before the court is defendant TransCanada Keystone Pipeline GP, LLC's ("Keystone") motion to dismiss plaintiff's amended complaint. In her original complaint, plaintiff asserted a Parret claim against decedent's employer,[1] Pe Ben USA, Inc. ("Pe Ben"), and negligence claims against Keystone and other defendants. [Doc. #1-1]. The court dismissed plaintiff's claim against Keystone, finding that plaintiff had failed to assert facts sufficient to state a claim upon which relief could be granted but gave plaintiff leave to amend her complaint [Doc. #21]. Plaintiff has done so. In her amended complaint, plaintiff has added Evraz Inc. NA ("Evraz") as a defendant and has added two new claims: a negligence per se claim and a strict liability claim, both against Keystone, Evraz, and Pe Ben.[2] Defendant Keystone again argues the amended complaint lacks sufficient factual

---

[1] *Parret v. UNICO Serv. Co.*, 127 P.3d 572 (Okla. 2005), recognized an exception to the exclusive remedy provision in the Oklahoma Worker's Compensation Act.

[2] Plaintiff also appears to assert her Parret claim against Keystone and Evraz, in addition to Pe Ben. Amended Complaint [Doc. #21, ¶¶ 11-12, 20-21].

allegations to satisfy the pleading standards set forth by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff has responded and the motion is at issue.

When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations and any reasonable inferences that might be drawn from them are construed in the light most favorable to the nonmoving party. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Applying these standards, as discussed below, the court concludes that defendant's motion should be granted.

## DISCUSSION

Plaintiff's amended complaint fails to correct the deficiencies noted in the court's previous order [Doc. #19]. Plaintiff, in her response to Keystone's motion, summarized the allegations of her amended complaint this way:

> The pled *fact* of the employee/invitee status of Plaintiff, coupled with the pled (and evidenced) *fact* of the lack of a place of employment free from hazards that were causing or likely to cause death or serious physical harm, coupled with the pled *fact* of failure to establish, implement, and communicate "common sense" safety measures, coupled with the pled *fact* that Keystone

2

> operated and/or controlled aspects of the place of employment where Plaintiff was killed [sic], coupled with the pled *fact* of a non-delegable duty to provide a safe workplace, coupled with the pled *fact* of an additional duty owed to Plaintiff by Keystone because of the ultra-hazardous nature of the work, coupled with the pled *fact* of a principal/agent and/or employer/employee relationship between Keystone and Pe Ben, coupled with the pled *fact* of Plaintiff's death is sufficient to establish a claim on which relief can be sought.

Plaintiff's Response [Doc. #24, pp. 6-7] (emphasis original). Despite plaintiff's statement that these are "facts" sufficient to establish its claims against Keystone, these are, in substance, only emphatically stated legal conclusions, and the court need not accept them as true. As Twombly and Iqbal make clear, a court is not bound to accept legal conclusions couched as factual allegations. *See* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Further, many of the conclusory allegations of the complaint are stated in the alternative, suggesting that some but not all of the defendants may have owed a duty to plaintiff's decedent. Such speculative generalities do not state a basis for claim.[3] In short, plaintiff's complaint, again, does not contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

For substantially the same reasons as stated in the court's prior order, *see* Doc. #19, defendant Keystone's motion to dismiss [Doc. #22] is **GRANTED**. Plaintiff's claims against defendant Keystone are **DISMISSED**.

---

[3]*In her response, plaintiff appears to request that this court allow her to pursue discovery to develop her claims without first pleading "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs are not permitted to "'use discovery to conduct a fishing expedition in hope that some fact supporting an allegation will be uncovered.'" Hull v. Colorado Bd. of Governors of Colorado State University System, 2011 WL 1134991, at \*7 (D. Colo. Mar. 28, 2011) (quoting Rodriquez v. Quality Loan Service Corp., 2010 WL 1644695, at \*2 (D. Ariz. Apr. 22, 2010)).*

**IT IS SO ORDERED**.

Dated this 20th day of May, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE