**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANIEL LIECHTI, personal | ) | |
| representative of SIDNEY LIECHTI, | ) | |
| deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0025-HE |
| | ) | |
| TRANSCANADA KEYSTONE | ) | |
| PIPELINE GP, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Daniel Liechti, personal representative of the estate of Sidney Liechti,

brought this wrongful death action against the defendants.  According to plaintiff's amended

complaint, the decedent was crushed and killed by a large commercial vehicle while working

at a pipe-staging yard east of Ponca City, Oklahoma.  Presently at issue before the court are

three motions to dismiss plaintiff's claims. Defendant Evraz Inc. NA ("Evraz") filed motions

to dismiss on the basis that plaintiff has failed to state a claim against it, and on the basis that

plaintiff failed to timely effect service of summons.[1] Additionally, defendants Randy Ostman,

Victorino Bravo, Josh Johnson, Steve Johnson, and Bill Cunningham (collectively

"individual defendants") have also filed a motion to dismiss on the basis that plaintiff has

failed to state a claim against them. The plaintiff responded to Evraz's motions but did not

---

[1] *Evraz withdrew the latter motion in its reply brief. See Doc. #40.*

respond to the individual defendants' motion.[2]

The court has previously considered two 12(b)(6) motions in this case. Both motions were filed by TransCanada Keystone Pipeline GP, LLC ("Keystone"), which is no longer a party to this action. Keystone's first motion to dismiss was granted with respect to the negligence claim against it on the basis that plaintiff had failed to include sufficient factual allegations. *See* Doc. #19. Plaintiff was granted leave to file an amended complaint and did so, adding additional parties and identifying two new claims. *See* Doc. #21. Keystone then moved to dismiss the plaintiff's amended complaint on the basis that plaintiff had still failed to plead a claim against it. [Doc. #22]. The court agreed and dismissed plaintiff's claims against Keystone because the allegations in plaintiff's complaint, as they pertained to Keystone, were too conclusory to satisfy the <u>Twombly</u> pleading standard. *See* Doc. #26.

Evraz and the individual defendants now seek dismissal of plaintiff's claims against them for substantially the same reasons the court dismissed the claims against Keystone. The amended complaint's allegation against Evraz and the individual defendants are of the same conclusory nature as those against Keystone. For substantially the same reasons as were identified in the prior orders [Doc. Nos. 19 & 26], the court concludes plaintiff has failed to state a claim against these defendants.

**Discussion**

---

[2]*While plaintiff has not responded to the individual defendants' motion, a motion to dismiss for failure to state a claim cannot be granted merely because a party failed to respond.* <u>Issa v. Comp USA</u>, *354 F.3d 1174, 1177 (10th Cir. 2003).*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

### 1. Claims Against Evraz

Plaintiff's amended complaint asserts four claims against Evraz: claims for negligence and negligence per se, a claim based on strict liability, and a claim based on

premises liability.[3]

As to the negligence claim, plaintiff alleges:

> On or about December 23, 2009, as a result of Defendants' singular and/or combined negligence, failure to provide a safe work environment, failure to provide safe materials and equipment with which to work, failure to provide safe methods by which to work, failure to take basic safety precautions, failure to follow safety procedures, failure to maintain a safe premises for invitees, and failure to supervise, the Plaintiff was fatally injured by the negligent acts caused by or contributed to by Defendants Keystone, Evraz, Pe Ben, Randy Ostman, Victorino Bravo, Josh Johnson, Steve Johnson, and Bill Cunningham.

[Doc. #21, ¶ 29]. As the court explained in the order dismissing the claims against Keystone, this is nothing more than a legal conclusion couched as a statement of fact, and the court is not required to accept it as true. *See* Doc. #26. The amended complaint does aver that the decedent was crushed by a commercial vehicle while working in the pipe yard, and that Evraz exercised control over the pipe yard. *See* Doc. #22, ¶¶ 11-12. But these allegations are the only non-conclusory statements that pertain to a negligence claim against defendant Evraz, and they, by themselves, do not support the inference that Evraz was negligent or that its negligence caused plaintiff's injuries.

Plaintiff's allegations as to the negligence per se claim are similarly conclusory. He alleges defendant Pe Ben was "acting within the scope of its authority" on behalf of Evraz when Pe Ben was cited for violating the Occupational Safety Health Administration ordinances. Doc. #21, ¶¶ 34, 36. But plaintiff alleges no non-conclusory facts supporting that

---

[3]*Plaintiff argues in his response to Evraz's motion to dismiss that Evraz can be vicariously liable for Pe Ben's intentional torts. But the amended complaint does not contain any allegation to support this claim and, even if it did, plaintiff's reliance on* <u>Craft v. Graebel-Okla. Movers, Inc.</u>, *178 P.3d 170, 177-78 (Okla. 2007) is misplaced.*

agency relationship, and the complaint contains no allegation Evraz itself violated any statute, ordinance, or rule. Further, the OSHA materials attached to the amended complaint are only directed to defendant Pe Ben. [Doc. #21-1]. Consequently, plaintiff has not plead a claim for negligence per se against Evraz.

The amended complaint also fails to set forth allegations sufficient to state a claim for strict liability in tort. The statement that "[l]aying natural gas pipeline is an ultra-hazardous activity" may or may not be accurate as a legal conclusion, but it is only that. *See* Doc. #21, ¶ 41. Insofar as the factual allegations of the amended complaint are concerned, they allege nothing more than that the decedent was run over by an over-the-road semi tractor-trailer after it had been unloaded. That, without more, is insufficient to set up a claim based on strict liability due to an ultra-hazardous activity.

Finally, the amended complaint does not allege sufficient facts to support a claim for premises liability.[4] Conclusory statements that Evraz knew of a dangerous condition, or should have known, coupled with the blanket assertion that the defendant failed to exercise reasonable care is insufficient. *See id.* ¶¶ 42-43.

## 2. Claims Against the Individual Defendants

Plaintiff's amended complaint advances only claims of negligence against the individual defendants. The plaintiff alleges the individual defendants were on the worksite

---

[4]*The amended complaint does not identify premises liability as a separate cause of action by heading as it does the other claims; however, ¶¶ 42-43 suggest this claim by alleging the decedent was Evraz's invitee.*

at the time decedent was killed, they had a non-delegable duty to maintain a safe work environment, and their "singular and/or combined negligence" caused plaintiff's injuries. *See id.* ¶¶ 27-29. As explained above, such speculative legal conclusions, without supporting factual allegations, are insufficient. Consequently, plaintiff has not stated a claim against the individual defendants.

## Conclusion

The plaintiff must articulate facts which permit the inference that Evraz or the individual defendants can be held liable to the plaintiff. He has not done so. Therefore, Evraz's and the individual defendants' motions to dismiss [Doc. Nos. 38 & 42] are **GRANTED** and the claims against them are dismissed. Evraz's now-withdrawn motion as to untimely service [Doc. #27] is **STRICKEN**.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE